**45D05-2007-CT-000743**

Lake Superior Court, Civil Division 5

Filed: 7/22/2020 4:26 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR/CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT _____ |
| | | |
| SHAQUILLE HUGHES | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: |
| | ) | |
| OFFICER TERRY PECK and | ) | |
| CITY OF GARY POLICE DEPARTMENT | ) | |
|    Defendants. | ) | |

## COMPLAINT

COME NOW, Plaintiffs Shaquille Hughes, by Counsel Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC and for his Complaint for Damages against the defendants, Officer Terry Peck and City of Gary Police Department states and allege as follows:

## BACKGROUND

1. On or about July 29, 2018 and at all relevant times thereafter, Shaquille Hughes was a resident of Lake County, State of Indiana.

2. On or about July 29, 2018 and at all relevant times thereafter, City of Gary Police Department was a department of an Indiana political sub-division located in Lake County, State of Indiana.

3. On or about July 29, 2018 and at all relevant times thereafter, Defendant Officer Terry Peck was a sworn police officer of the City of Gary Police Department and was acting under color of state law.

4. The incidents complained of herein occurred in the County of Lake, State of Indiana.

## COUNT I: SECTION 1983 EXCESSIVE FORCE

### Against Defendant Officer Terry Peck

5. Plaintiff, by reference, incorporates and re-alleges all proceeding rhetorical paragraphs, numbered 1-4, and make them a part herein.

6. On or about July 29, 2018, Officer Sgt. Tatum of the City of Gary Police Department pulled Mr. Hughes over for speeding and disregarding a stop sign.

7. While Sgt. Tatum was investigating the purpose of the stop and obtaining Mr. Hughes's identification, Defendant Officer Terry Peck arrived to offer assistance.

8. Despite Sgt. Tatum being the primary officer, Defendant Officer Peck insisted on Mr. Hughes being arrested for operating while never receiving a license.

9. Additionally, Defendant Officer Peck insisted that he transport Mr. Hughes to the station for booking.

10. Defendant Officer Peck placed Mr. Hughes in handcuffs and secured him in the back of his patrol vehicle.

11. The handcuffs were placed too tight causing significant pain and discomfort to Mr. Hughes.

12. Mr. Hughes's pleads with Defendant Officer Peck to loosen the handcuffs were ignored.

13. While in route to the Gary Police Station, Mr. Hughes's phone rang. Defendant Officer Peck had failed to search Mr. Hughes's person prior to placing him into the squad car.

14. Defendant Officer Peck pulled over on the side of the road, opened up the back door where Mr. Hughes was seated and proceeded to assault Mr. Hughes while Mr. Hughes was handcuffed and secured in the seat with the seat belt.

15. Defendant Officer Peck's actions were unreasonable based on the totality of the circumstances surrounding Mr. Hughes's injuries.

16. Defendant Officer Peck's actions were without justification or provocation.

17. Mr. Hughes did not resist or otherwise try to escape that would give Defendant Officer Peck justification for excessively tightening the handcuffs.

18. Mr. Hughes did not resist or otherwise try to escape that would give Defendant Officer Peck justification for assaulting him while he was handcuffed and secured in the back seat of the squad car.

19. Defendant Officer Peck's actions, as described above, were under the color of state law.

20. This Complaint against the individual defendants is for damages arising out of the violation of civil rights pertaining to Mr. Hughes which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

## COUNT II: STATE LAW BATTERY

### Against Officer Terry Peck

21. Each paragraph of this Complaint is incorporated as if restated fully herein.

22. On or about July 29, 2018, Defendant Officer Terry Peck knowingly or intentionally touched Mr. Hughes against his will in a rude, insolent or angry manner.

23. Defendant acted with malice, gross negligence or oppressiveness.

3

24. Defendant's actions were not the result of mistake of fact or law, honest error or judgment, overzealousness or mere negligence.

25. Defendant lacked any legal justification of his actions.

26. Mr. Hughes suffered physical and emotional injuries as a result of Defendant's actions.

27. Defendant was acting within the scope of his employment as an City of Gary Police Officer.

28. Plaintiff timely served a Notice of Tort Claim upon Defendant Terry Peck and the City of Gary Police Department.

### COUNT III: State Law
### Intentional Infliction of Emotional Distress
### Defendant Officer Terry Peck

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. Defendant's actions of assaulting Mr. Hughes by striking him with closed fists while he was subdued and compliant, was extreme and outrageous conduct.

31. By this conduct, Defendant intentionally or recklessly caused severe emotional distress to Mr. Hughes.

32. Defendant acted with malice, gross negligence or oppressiveness.

33. Defendant's actions was not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

34. Mr. Hughes suffered severe emotional distress due to the Defendant's unlawful actions.

35. Defendant was acting within the scope of his employment as an officer with the City of Gary Police Department.

4

### COUNT IV – Respondeat Superior State Law Claims
### Against Defendants City of Gary Police Department

36. Each paragraph of this Complaint is incorporated as if restated fully herein.

37. That at all relevant times, Defendant Officer Terry Peck was engaging in duties within the scope of his employment with Defendant City of Gary Police Department when Plaintiff suffered his injuries.

38. The Defendant City of Gary Police Department should be liable for Plaintiff's damages related to the state law claims laid out above under the doctrine of respondeat superior.

### PRAYER FOR DAMAGES

WHEREFORE, having asserted various causes of action and alleging facts in support thereof, the Plaintiff, Shaquille Hughes, prays for judgment and damages against the Defendants as previously stated and as follows:

a. awarding the Plaintiff general and/or compensatory damages, including without limitation damages for his pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b. awarding the Plaintiff punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c. awarding the Plaintiff his costs and attorney's fees;

d. awarding the Plaintiff treble damages in an amount up to three times the amount of his compensatory damages for the egregious nature of Defendants' actions.

    e.    for all other legal and/or equitable relief this Court deems just and proper in the premises.

Dated this 22nd day of July, 2020.

        Respectfully submitted,

        King, Brown & Murdaugh, LLC

        By:/s/ Russell W. Brown, Jr.
           Russell W. Brown, Jr. #29628-64
           Attorney for Plaintiff
           Barrister Court
           9211 Broadway
           Merrillville, IN  46410
           219/769-6300 - Fax 219/769-0633

## **REQUEST FOR JURY TRIAL**

The Plaintiff, Shaquille Hughes respectfully requests that this cause be tried by jury.

        Respectfully submitted,

        King, Brown & Murdaugh, LLC

        By:/s/ Russell W. Brown, Jr.
           Russell W. Brown, Jr. #29628-64
           Attorney for Plaintiff
           Barrister Court
           9211 Broadway
           Merrillville, IN  46410
           219/769-6300 - Fax 219/769-0633